1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

EVA BYTHEWAY

11

Plaintiff,

12

v.

13

CAROLYN COLVIN,

14

Defendant.

CASE NO. C14-1303JLR

ORDER ADOPTING REPORT
AND RECOMMENDATION

15

16

## I.    INTRODUCTION

17

This matter comes before the court on the Report and Recommendation ("R&R")

18

of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 16)), the objections

19

of Plaintiff Eva Bytheway to the R&R (Obj. (Dkt. # 17)), and the response of the

20

Commissioner of the Social Security Administration ("Commissioner") to Ms.

21

Bytheway's objection (Resp. (Dkt. # 18)).  The court has carefully reviewed the

22

foregoing, all other relevant documents, and the governing law.  Being fully advised, the

court ADOPTS the R&R, AFFIRMS the decision of the Commissioner, and DISMISSES the case WITH PREJUDICE.

## II.    BACKGROUND

The facts of the case are set forth in the ALJ's decision (*see* AR (Dkt. # 8) at 8-24), the administrative hearing transcript (*id*. at 24-54), and the briefs of the parties (Op. Brief. (Dkt. # 11); Resp. Brief (Dkt. # 14); Reply (Dkt. # 15)).  They are briefly summarized here.

Ms. Bytheway was last insured on March 31, 2011, and alleges a disability onset date of December 11, 2009.  (AR at 13.)  Between these dates, Ms. Bytheway did not engage in substantial gainful activity.  (*Id*.)

Ms. Bytheway has undergone numerous medical procedures, including a cervical fusion surgery in January of 1996, arthroscopic knee surgery, multiple foot surgeries, and a gastroc recession on her left ankle.  (*Id*. at 32.)  Ms. Bytheway also suffered a fall in 2009, which left her with lower back issues.  (*Id*. at 33.)

On October 28, 2011, Ms. Bytheway filed a Title II application for a period of Disability Insurance Benefits.  (*Id*. at 11.)  Ms. Bytheway's claim was denied initially on February 9, 2012, and upon reconsideration on May 17, 2012.  (*Id*.)  After a hearing on February 26, 2013, the ALJ once again denied Ms. Bytheway's application for Disability Insurance Benefits.  (*Id*. at 8.)

In rendering her written decision, the ALJ followed the Social Security Administration's five-step sequential process for determining whether a person is

disabled.[1]  At step one, the ALJ found that Ms. Bytheway has not engaged in substantial

gainful activity since the alleged onset date of December 11, 2009.  (*Id*. at 13.)  At step

two, the ALJ determined that through the date last insured, Ms. Bytheway had the

following severe impairments:  cervical degenerative disease, status post-fusion; left

ulnar neuropathy; right thumb arthritis; and lumbar degenerative disc disease.  (*Id*.)  The

ALJ found that Ms. Bytheway's right foot conditions, left knee arthritis, and obesity were

not severe impairments.  (*Id.* at 13-14.)  At step three, the ALJ determined that through

the date last insured, Ms. Bytheway did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the impairments listed

in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (*Id*. at 14.)

At step four, the ALJ found that through the date last insured, Ms. Bytheway had

the residual functional capacity to perform light work as defined in 20 C.F.R.

---

[1] *See* 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987); *Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001) (listing the five steps).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which the claimant can perform.  *Batson v. Comm'r of Social Sec. Admin*., 359 F.3d 1190, 1193-1194 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant is "disabled."  20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

[2] If the claimant's severe impairments "meet or equal" one or more of the listed impairments, then the claimant is disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The ALJ found that that was not the case here, however, so she proceeded to step four in the five-part sequential process.

1   404.1567(b).[3] (*Id.* at 15.)  The ALJ determined that Ms. Bytheway should never climb

2   ladders, ropes, or scaffolds, but that she could frequently stoop, crawl, and could

3   frequently finger and handle bilaterally.  (*Id.*)  In making this determination, the ALJ

4   found that although Ms. Bytheway's medically determinable underlying impairments

5   could reasonably cause some of her symptoms, not all of Ms. Bytheway's statements

6   regarding the severity of her symptoms are credible.  (*Id.* at 16.)  The ALJ also

7   considered the opinions of Gordon Hale, M.D., who completed a physical residual

8   functional capacity assessment of Ms. Bytheway on May 17, 2012; Darcy Fox, D.C.; the

9   team of Lewis Almarez, M.D., and Geoffrey Masci, D.C.; Christopher Jex, D.C., Ms.

10  Bytheway's chiropractor; and Dr. Marianne Broers, Ms. Bytheway's primary care

11  physician.  (*Id.* at 17.)  The ALJ gave great weight to the opinion of Dr. Hale, significant

12  weight to the opinions of Dr. Fox, Dr. Almarez, and Dr. Masci, and little weight to the

13  opinions of Dr. Jex and Dr. Broers.  (*Id.*)  The ALJ also considered the statement

14  provided by Ms. Bytheway's husband, William Bytheway.  (*Id.* at 18.)  Based on her

15  assessment of Ms. Bytheway's residual functional capacity, the ALJ concluded that

16  through the date last insured, Ms. Bytheway was capable of performing her past relevant

17  //

18  _____

19     [3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or
    carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a

20  job is in this category when it requires a good deal of walking or standing, or when it involves
    sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered
    capable of performing a full or wide range of light work, you must have the ability to do

21  substantially all of these activities.  If someone can do light work, we determine that he or she
    can also do sedentary work, unless there are additional limiting factors such as loss of fine

22  dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

ORDER - 4

work[4] as a medical records clerk.  (*Id.*)  Because the ALJ found that Ms. Bytheway could

perform her past relevant work, and thus is not disabled, the ALJ was not required to

proceed to step five.  The ALJ concluded that Ms. Bytheway was not under a disability as

defined in the Social Security Act at any time from December 11, 2009, the alleged onset

date, through March 31, 2011, the date last insured.  (*Id.* at 19.)

After the Social Security Administration's Appeals Council declined review (*id.* at

1), the ALJ's determination became the final decision of the Commissioner.  On March 3,

2015, Magistrate Judge Donohue entered an R&R that the court affirm the

Commissioner's decision.  Ms. Bytheway has filed objections to the R&R and requests

that this case be remanded to the Commissioner for payment of benefits pursuant to 42

U.S.C. § 405(g).  (Obj. at 7.)

## III.    ANALYSIS

### A.  Standard of Review

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive

matters.  *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part

of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of

the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The court

reviews de novo those portions of the R&R to which specific written objection is made.

---

[4] Past relevant work is work that the claimant has done within the past 15 years, that was
substantial gainful activity, and that lasted long enough for the claimant to learn to do it.  If a
claimant is able to do her past relevant work, she is not disabled.  20 C.F.R. § 404.1560.

1    *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The

2    statute makes it clear that the district judge must review the magistrate judge's findings

3    and recommendations de novo if objection is made, but not otherwise." *Id.*

4         Under 42 U.S.C. § 405(g), the court reviews the Commissioner's decision to

5    determine whether it is free from legal error and supported by substantial evidence in the

6    record as a whole.  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).  "'Substantial

7    evidence' means more than a mere scintilla, but less than a preponderance; it is such

8    relevant evidence as a reasonable person might accept as adequate to support a

9    conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).  The court

10   must review the "record as a whole, weighing both the evidence that supports and the

11   evidence that detracts from the Commissioner's conclusion." *Id.* (citations and

12   quotations marks omitted).  "The ALJ is responsible for determining credibility,

13   resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v.*

14   *Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  A court cannot substitute its judgment for

15   that of the ALJ, *Garrison*, 759 F.3d at 1010 (citing *Andrews*, 53 F.3d at 1039), and will

16   uphold the Commissioner's decision when the evidence is susceptible to more than one

17   rational interpretation, *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

18        An ALJ's decision may not be reversed for an error that is harmless. *Tommasetti*

19   *v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 679

20   (9th Cir. 2005).  A harmless error is one that is inconsequential to the ALJ's ultimate

21   disability determination.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012);

22   *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### B. Ms. Bytheway's Arguments

Ms. Bytheway asks this court to reject the R&R for three primary reasons. First, Ms. Bytheway argues that Magistrate Judge Donohue erred in concluding that the ALJ properly gave little weight to the opinion of her treating chiropractor, Dr. Christopher Jex. (Obj. at 2.) Second, Ms. Bytheway argues that Magistrate Judge Donohue erred in concluding that the opinions of Dr. Fox and the team of Dr. Almarez and Dr. Masci do not conflict. (*Id.* at 4.) Third, Ms. Bytheway argues that Magistrate Judge Donohue erred in concluding that the ALJ properly found Ms. Bytheway's statements regarding her symptoms not to be credible. (*Id.* at 4-5.)

### 1. Dr. Christopher Jex

Ms. Bytheway takes issue with Magistrate Judge Donohue's conclusion that the ALJ properly gave little weight to the opinion of Dr. Jex. (*Id.* at 2.) The regulations distinguish between "acceptable medical sources" such as licensed physicians or psychologists and "other sources" such as naturopaths and chiropractors. *See* 20 C.F.R. § 404.1513. Although the existence of a medically determinable impairment can only be established by information from an acceptable medical source, information from an "other source" such as Dr. Jex may provide insight into the severity of the impairments and how they affect the individual's ability to function. *See* SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). An ALJ may disregard the testimony of an "other source" if she provides germane reasons for doing so. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010); *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Dodrill v. Shalala,* 12 F.3d 915, 919 (9th Cir. 1993).

1    Here, the ALJ explained that she based her decision to give little weight to the

2    opinion of Dr. Jex on inconsistencies between his opinion and his treatment notes.  (AR

3    at 17.)  Specifically, the ALJ explained that Dr. Jex's statement that Ms. Bytheway is

4    unable to work full time conflicts with his treatment notes, which show that Ms.

5    Bytheway's back condition improved with treatment, as well as with Ms. Bytheway's

6    own statements that she is able to do light household chores.  (*Id.*)  The court finds that

7    these reasons are germane.  *See Turner*, 613 F.3d at 1224.  Therefore, the Magistrate

8    Judge's assessment of this matter was not in error.

9    Further, regardless of the weight given to the opinion of Dr. Jex, it is clear to the

10   court that the ALJ based her determination of non-disability on acceptable medical

11   sources which contradict the opinion of Dr. Jex.  *See Kelly v. Colvin*, No. 2:13-CV-0071-

12   JTR, 2014 WL 373525, at *4 (E.D. Wash. Feb. 3, 2014) (holding that an ALJ does not err

13   by relying on the opinions of acceptable medical sources over the opinion of a non-

14   acceptable medical source).  Accordingly, any error in determining the weight of the

15   opinion was harmless.  *See Molina*, 674 F.3d at 1111 (stating that an error by the ALJ

16   may be deemed harmless if it is clear that the ALJ would have reached the same result

17   absent the error).  For this reason, also, Ms. Bytheway's objection fails.

18   **2.  Allegedly Conflicting Opinions**

19   Ms. Bytheway next argues that Magistrate Judge Donohue erred in concluding that

20   the opinions of Dr. Fox and the team of Dr. Almarez and Dr. Masci do not conflict.  (Obj.

21   at 4.)  After conducting an examination of Ms. Bytheway on August 31, 2010, the team

22   of Dr. Almarez, and Dr. Masci provided an independent medical examination report,

1   ordered in the course of Ms. Bytheway's Labor and Industries claim. (AR at 379-389.)  In

2   their report, Dr. Almarez and Dr. Masci assessed Ms. Bytheway as able to work for eight

3   hours a day at a light duty status.  (*Id*. at 389.)  Dr. Fox performed two evaluations of Ms.

4   Bytheway, the first in March 2010, and the second in June 2010.  After evaluating Ms.

5   Bytheway in March 2010, Dr. Fox reported that Ms. Bytheway is capable of working for

6   four hours a day, three days a week, and that Ms. Bythway was near maximum medical

7   improvement.  (*Id*. at 344.)  Following her evaluation of Ms. Bytheway in June 2010, Dr.

8   Fox concluded that Ms. Bytheway had reached maximum medical improvement, but may

9   continue to suffer from the residuals of injury with the same symptoms and limitations in

10  her normal activities of daily living which she now experiences.  (*Id*. at 326.)  The June

11  report did not recommend work restrictions.  Further, the June report described Ms.

12  Bytheway's lower back impairment as "mild."  (*Id*. at 326.)

13          Ms. Bytheway argues that Dr. Fox's June report should be read as an affirmation

14  of her March report, including the recommendation that she be limited to part time work.

15  (Op. Brief at 8.)  Whether Ms. Bytheway's interpretation of Dr. Fox's June report is

16  better than that of the ALJ is not for this court to decide.  If the court determines that the

17  ALJ's interpretation of the evidence is reasonable, the court must not second guess it.

18  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  Here, the ALJ decided not to

19  read part-time work restrictions in to Dr. Fox's June report, as none were stated.  The

20  court finds it reasonable for the ALJ to determine that if Dr. Fox intended to include work

21  restrictions in the June report, Dr. Fox would have done so.  Because the ALJ reasonably

22  concluded that the opinions of Dr. Fox and the team of Dr. Almarez and Dr. Masci do not

1    conflict, there was nothing for the ALJ to explain or resolve when the ALJ gave great

2    weight to both opinions.  The Magistrate Judge's assessment of this matter was not in

3    error.

4         **3.  Ms. Bytheway's Credibility**

5         Ms. Bytheway argues that Magistrate Judge Donohue erred in concluding that the

6    ALJ properly found Ms. Bytheway's statements regarding her symptoms not to be

7    credible.  (Obj. at 4-5.)

8         Determining the credibility of a claimant's statements regarding her symptoms

9    involves a two step process.  "First, the ALJ must determine whether the claimant has

10   presented objective medical evidence of an underlying impairment 'which could

11   reasonably be expected to produce the pain or other symptoms alleged.'"  *Lingenfelter,*

12   504 F.3d at 1036 (quoting *Bunnell,* 947 F.2d at 344).  If the ALJ finds that such objective

13   medical evidence has been presented, the ALJ must provide "specific, clear and

14   convincing reasons for" rejecting the claimant's testimony regarding the severity of the

15   claimant's symptoms.  *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *see also*

16   *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014).  The

17   ALJ's analysis need not be extensive, so long as the reviewing court is able to discern

18   whether the ALJ's conclusions were supported by substantial evidence.  *Treichler*, 775

19   F.3d. at 1103.

20        With respect to her symptoms, Ms. Bytheway testified that the cumulative effects

21   of her impairments cause her such pain that she does not believe she is able to complete

22   four hours of work, three days a week, (*id.* at 40), and that turning her neck, grabbing

1   medical charts, trying to reach down, and getting up are difficult, (*id*. at 31).  Ms.

2   Bytheway also indicated that she is no longer able to bend, reach, or grasp without pain

3   and difficulty, and that she is unable to walk, sit or stand for more than 15-20 minutes.

4   (*Id*. at 242.)  The Magistrate Judge concluded that the ALJ properly applied the two-step

5   credibility analysis when discounting Ms. Bytheway's testimony.  (R&R at 8.)  The court

6   agrees.

7          In the first step of the credibility analysis, the ALJ found that Ms. Bytheway

8   presented objective medical evidence of underlying back and neck impairments that

9   could reasonably cause the symptoms experienced by Ms. Bytheway.  (AR at 16.)  The

10  ALJ found that Ms. Bytheway did not present objective medical evidence of an

11  underlying impairment that could have reasonably caused her reported hand symptoms.

12  (*Id*.)  In regard to her neck condition, the ALJ found that the objective medical evidence

13  revealed that Ms. Bytheway had vertebrae C4-C7 fused, and that in November 2009, an

14  x-ray of Ms. Bytheway's cervical spine revealed moderate disc thinning at vertebrae C3-

15  C7, and a fracture at vertebrae C4.  (*Id*.)  The ALJ found that Ms. Bytheway's neck

16  condition was stable.  (*Id*.)  Concerning Ms. Bytheway's back condition, the ALJ found

17  that the objective medical evidence revealed moderate disc thinning.  (*Id*.)

18         In the second step, the ALJ provided several specific reasons why Ms. Bytheway's

19  statements regarding her symptoms are not credible.  The ALJ cited the fact that Ms.

20  Bytheway worked full time for many years after her cervical fusion, which indicates that

21  this condition did not prevent her from sustaining substantial gainful activity.  (*Id*.)

22  Regarding Ms. Bytheway's back condition, the ALJ cited the fact that in March 2010, Dr.

1  Jex released Ms. Bytheway to return to part time work, and continued providing

2  chiropractic adjustments that Ms. Bytheway claimed relieved her back symptoms.  (*Id*.)

3  Finally, the ALJ cited the fact that Ms. Bytheway was released to work full time by the

4  team of Dr. Almarez and Dr. Masci. (*Id.*)

5         Ms. Bytheway argues that the ALJ's credibility analysis was a "simple discussion

6  of the medical evidence," which "improperly left this court to determine why the

7  evidence did not support Plaintiff's allegations."  (Obj. at 5.)  An ALJ, however, is not

8  required to recite "magic words" in finding a Plaintiff's statements not to be credible.

9  *Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir. 1989).  Rather, reviewing courts may

10  draw specific and legitimate inferences from the ALJ's opinion.  *Id.*  The court finds that

11  the ALJ has provided specific, clear, and convincing reasons, supported by substantial

12  evidence in the record, for finding that Ms. Bytheway's statements regarding her

13  symptoms are not credible.  *See Magallanes,* 881 F.2d at 755 (finding that an ALJ's

14  summary of and findings regarding conflicting medical evidence satisfied the "specific,

15  clear and convincing" standard).  Therefore, the Magistrate Judge did not err in

16  concluding that the ALJ properly found Ms. Bytheway's statements regarding her

17  symptoms not to be credible.

18  \\

19  \\

20  \\

21  \\

22  \\

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

# IV.   CONCLUSION

For the foregoing reasons, the court ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation of Magistrate Judge

Donohue (Dkt. # 16);

(2) The court AFFIRMS the final decision of the Commissioner and DISMISSES

this case WITH PREJUDICE;

(3)  The court DIRECTS the clerk to send copies of this order to the parties and to

Magistrate Judge Donohue.

Dated this 19th day of June, 2015.

JAMES L. ROBART
United States District Judge

ORDER - 13